IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PIMENIO VELA HERRERA, §
Institutional ID No. 87986, §
§
Plaintiff, §
§ CIVIL ACTION NO. 5:21-CV-184-BQ
v. §
§
KELLY S. ROWE, *et al.*, §
§
Defendants. §

**REPORT AND RECOMMENDATION**

Proceeding pro se and *in forma pauperis*, Plaintiff Pimenio Vela Herrera filed this 42 U.S.C. § 1983 action on August 31, 2021, complaining of events alleged to have occurred during his detention at the Lubbock County Detention Center (LCDC). ECF No. 1. Because Herrera has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

## I. Background

On October 12, 2021, the United States District Judge transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 12. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Herrera's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address . . . [and that

[1] On October 1, 2021, Herrera returned a signed consent form. ECF No. 6. On that form, however, Herrera indicated that he both consented and did not consent to proceed before a magistrate judge. *Id.* The Court provided Herrera with a second form so that he could clarify his desire (ECF No. 13), but Herrera did not return it. Out of an abundance of caution, the undersigned enters the following Report and Recommendation.

his] [f]ailure to file such notice may result in this case being dismissed for want of prosecution." ECF No. 10, at 2 ¶ 8 (dated Oct. 12, 2021); *see also* ECF No. 4, at 2 ¶ 5 (same). Herrera received a similar admonishment when he initially filed suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 3, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On October 13, 2021, the Court commenced its initial screening of Herrera's Complaint. The Court entered an order requiring that certain persons and entities provide authenticated records related to Herrera's claims. ECF No. 14. After reviewing the records, the Court entered an order on January 12, 2022, requiring Herrera, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), and thereby provide the Court with additional information concerning the factual basis of his claims and to ensure adequate screening. ECF No. 16.

In its order directing Herrera to complete the questionnaire, the Court admonished Herrera that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted). The Clerk mailed the order and questionnaire to Herrera's address on file with the Court. *See* "Clerk's Notice of delivery," dated Jan. 12, 2022.

Although mailed to Herrera's last-known address, which coincides with the address listed on the last pleading submitted by Herrera (ECF No. 8), the United States Postal Service returned the questionnaire on January 21, 2022—LCDC officials had noted on the envelope "not in jail.". ECF No. 17.

As of the date of this Report, Herrera has not returned the completed questionnaire or submitted any other type of notice or pleading, nor has he updated his address with the Court. In this posture, the Court can only conclude that Herrera no longer wishes to pursue his claims.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Herrera's Complaint and ordered the production of authenticated records, which the Court received November 12, 2021. Herrera's failure to update his current mailing address or respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to either update the Court with his whereabouts or return the questionnaire, and thereby prevents the Court from effectively communicating with the party or further evaluating his claim. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g.*, *Miguel v. McLane*, No. 5:19-CV-199-BQ, 2021 WL 863213, at *2 (N.D. Tex. Feb. 4, 2021) (recommending dismissal for want of prosecution for failure to return questionnaire), *R. & R. adopted by* 2021 WL 859138 (N.D. Tex. Mar. 8, 2021); *Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15,

2018) (recommending dismissal under Rule 41(b) where plaintiff had not updated his address or returned the questionnaire), *R. & R. adopted by* 2018 WL 1461842 (N.D. Tex. Mar. 22, 2018); *see also Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016); *Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. July 5, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because Herrera has not provided an updated address to the Clerk, has not responded to the questionnaire, and has wholly failed to communicate with the Court in this action since October 5, 2021, the district judge should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

## III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court dismiss Herrera's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

## IV. Right To Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding

or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 7, 2022.

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**